NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                            :
H., et al.                                  :
                                            :     Hon. Stanley R. Chesler
    Plaintiffs,                     :     Civ. A. No. 99-3678 (SRC)
                                            :
       v.                            :
                                            :     **ORDER AND OPINION**
MCGREEVEY, et al.,                          :
                                            :
    Defendants.                     :
_____:

**CHESLER**, District Judge

    This matter having come before the court pursuant to Movant Communications Workers of America's ("CWA's") Motion for Leave to Appear Amicus Curiae (Docket # 229); and

    **IT APPEARING** that the role of an *amicus curiae* is as a "friend of the court" who can "assist in a case of general public interest, to supplement the efforts of counsel, and to draw the court's attention to law that might otherwise escape its consideration." United States v. Alkaabi, 223 F.Supp. 2d 583, 592 (D.N.J. 2002); and it further

    **APPEARING** that allowing a party to enter an appearance as an *amicus curiae*, as well as defining the extent, if any, to which a party may participate as an *amicus curiae* is solely within the broad discretion of this Court.  See Bryant v. N.J. Dept. of Transp., 987 F.Supp. 343, 346 n.3 (D.N.J. 1998); and it further

    **APPEARING** that Movant CWA, by their filings, is seeking a broader role in this ongoing litigation, including rights to be heard whenever the Plaintiffs bring matters before this

Court, to receive information provided by the Defendants under the terms of the Settlement Agreement between the Plaintiffs and Defendants, and to be given a "more formal, pro-active role in the reform process." (Movant's Br. at 24.); and it further

**APPEARING** that the Court is satisfied that the proper role for an *amicus curiae* is limited to filing a brief, by leave of Court or on consent of all parties, in a pending matter before the Court; and it further

**APPEARING** that the brief filed with the Movant CWA's Motion for Leave to Appear Amicus Curiae was filed before any motions were pending before the Court for consideration, and is not sufficiently directed at a specific matter or matters pending before this Court to be considered as a proper *amicus* brief; and it further

**APPEARING** that Defendants do not object to the Movant appearing as an *amicus curiae* within the limited role of an *amicus curiae* as stated by this Court; and it further

**APPEARING** that there is currently a Motion to Hold Defendants in Contempt and Noncompliance with Consent Decree (docket #234), filed on December 1, 2005, that is presently before this Court for consideration;

**IT IS** on this 22nd day of December, 2005, hereby

**ORDERED** that Movant CWA is given leave to file an *amicus* brief in the pending Motion to Hold Defendants in Contempt and Noncompliance with Consent Decree (docket #234), filed on December 1, 2005; and it is further

**ORDERED** that Movant CWA's *amicus* brief on this pending Motion is due on or before Wednesday, **January 11, 2006**; and it is further

**ORDERED** that the Plaintiffs and Defendants, as the parties in this case, shall have until

Monday, **January 23, 2006** to file their response, if any, to the Movant's amicus filing

s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.