UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLIE AND NADINE H., *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>MURPHY, et al.<br><br>   Defendants. | Civil Action No. 2:99-cv-03678-SRC-CLW |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING NOTICE PLAN, AND SCHEDULING FAIRNESS HEARING**

Upon consideration of the Parties' Joint Motion for Preliminary Order of Approval and Settlement, the entire record, and it appearing that the relief should be granted, it is ORDERED that:

WHEREAS, the Parties have applied to the Court for an order preliminarily approving the settlement of this action in accordance with the terms and provisions of the Exit Plan and Agreement dated June 21, 2022, which sets forth the terms and conditions for a proposed settlement of the lawsuit; and

WHEREAS, the Court has reviewed and considered that the Exit Plan and Agreement and has reviewed and considered the Parties' submissions, and is otherwise fully informed regarding these proceedings, and with good cause shown;

NOW, THEREFORE, IT IS ORDERED:

This Order (the "Preliminary Approval Order") incorporates by reference the definitions in the Exit Plan and Agreement, and all capitalized terms shall have the same meanings set forth in the Exit Plan and Agreement.

The Court has jurisdiction over the subject matter of the Lawsuit, the Parties, and all members of the Class and will retain jurisdiction according to the Exit Plan and Agreement to enforce the terms of that agreement.

Class Counsel adequately represented the Class for the purpose of entering into and implementing the Exit Plan and Agreement. In the absence of consultations with the original named plaintiffs who cannot be located or who are deceased, class counsel has made reasonable efforts to consult with members of the class, including seeking input from such secondary sources as public interest organizations and caregivers who have day-to-day contact with class members.

Having reviewed the Exit Plan and Agreement, the Court preliminarily approves the Exit Plan and Agreement and the settlement contemplated by the Parties, as being fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and as being the product of informed, arm's length, negotiation by counsel. The Exit Plan and Agreement contains no deficiencies that would prevent preliminary approval. The Court directs the Parties to proceed with the settlement pursuant to the terms and conditions of the Exit Plan and Agreement, subject to this Court's authority to determine whether finally to approve the Exit Plan and Agreement.

The Court finds that the proposed notice plan and the form of Class Notice provided fully satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process,

and provide the best notice practicable under the circumstances to members of the Class. The Court directs that the Class Notice be provided to the members of the Class substantially in the manner specified and the form provided by the Parties, provided that the Parties, by agreement, may revise the Class Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy, and may adjust the layout of the Class Notice for clarity and efficient mailing.

All Class Members shall be bound by all determinations and judgments concerning the Exit Plan and Agreement and the settlement contemplated thereby.

The Court's preliminary approval of the Exit Plan and Agreement shall be subject to further consideration at a Fairness Hearing to be held before this Court on **April 25, 2023, at 10:00 AM** (the "Fairness Hearing"). The Court will determine at or following the Fairness Hearing whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court. The date and time of the Fairness Hearing shall be set forth in the Class Notice.

By no later than **April 17, 2023**, Class Counsel and counsel for Defendants shall file with the Court any papers in support of final approval of the settlement. Copies of all papers shall be served upon all persons or their counsel who file a valid and timely objection to the settlement (as described in the following paragraph).

Any Class Member may appear at the Fairness Hearing in person, through counsel (if a notice of appearance is filed and served), or through a duly authorized guardian or

representative, and may be heard, to the extent allowed by the Court, in support of, or in opposition to, the fairness, reasonableness, and adequacy of the settlement. Unless such requirement is excused by the Court, no person shall be heard in opposition to the settlement unless, on or before **April 10, 2023**, such person has: (i) filed with the Court a letter including the Class Members' name and address, a notice of intention to appear, a statement indicating the basis for the Class Members' opposition to the terms of the settlement and demonstrating that the objector is a Class Member, the signature of the Class Member, attorney, guardian or representative (as the case may be), and, in the case of a guardian or representative, proof of the person's status as such; and (ii) has served copies of the foregoing upon the following counsel:

**To Class Counsel:**

*Charlie and Nadine H.* Class Counsel

Attn: Marcia Robinson Lowry
A Better Childhood, Inc.
355 Lexington Avenue, Floor 16
New York, NY 10017
Mlowry@abetterchildhood.org

**To Counsel for Defendants:**

Matthew J. Platkin
Attorney General of NJ
Re: *Charlie and Nadine H.*
Class Action
Attn: Christian A. Arnold
Assistant Attorney General
124 Halsey Street
PO Box 45029
Newark, NJ 07101
christian.arnold@law.njoag.gov

The Court reserves the right to adjourn the Fairness Hearing from time to time without further notice by adjournment announced in open court and to rule upon the settlement at any time after the Fairness Hearing.

The Court may approve the Exit Plan and Agreement, with such modifications as may be agreed to by the Parties, without further notice to Class Members.

If for any reason the Exit Plan and Agreement is not finally approved by the Court or otherwise does not become effective, this Preliminary Approval Order shall be rendered null and void and shall be vacated *nunc pro tunc*, the Parties will revert to the positions they occupied prior to the execution of the Exit Plan and Agreement, and all proceedings in connection with the settlement shall be without prejudice to the *status quo ante* rights of the Parties to the Lawsuit. In this event, the Parties expressly do not waive, and will not be construed to have waived, any claims, arguments, objections, and/or defenses.

s/ Stanley R. Chesler
_____
Hon. Stanley R. Chesler, U.S.D.J.

DATED: ___March 24_____ 2023

5